# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JIMMY D. EDWARDS,

    Plaintiff,

v.

C/O GLASSCO and
LT. BURCHETT,

    Defendants.

No. CIV 13-191-RAW-SPS

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss plaintiff's complaint for his failure to exhaust the administrative remedies for his claims. The court has before it for consideration plaintiff's complaint, the defendants' motion, and a special report prepared by the Oklahoma Department of Corrections (DOC) at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, a former DOC inmate, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at Earl A. Davis Community Work Center (EDCWC) in Holdenville, Oklahoma, and Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma. The defendants are EDCWC Chief of Security C/O Glassco and EDCWC Lt. Burchett.[1]

Plaintiff alleges that on April 28, 2011, the defendants took him from his job site to EDCWC, accusing him of Menacing. The defendants argued with him and threw away his property, allowing him to keep only a few items and not allowing him to send his property home at his own expense. Plaintiff allegedly was handcuffed and leg-shackled, and he and

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

the defendants began walking toward a DOC transport van. Plaintiff yelled at his cellmate, asking him to check on his girls' Valentine portrait and to send it to plaintiff's house. The defendants told plaintiff, "Get your black ass in the van," so he started to climb in.

Plaintiff claims the defendants punched him several times and shoved him into the frame of the van's cage several times. His neck, shoulders, back, right wrist, and right shin were badly injured. He tried to tell the officers he was hurt and needed medical attention, but they turned up the radio to drown out his voice. When the van arrived at OSP at 2 p.m., the officers turned off the van and got out, leaving plaintiff in restraints, in the sun, with the windows rolled up, and in severe pain until 3:45 p.m. Plaintiff alleges he fainted. The next thing he remembered was being dragged as he limped, because he could not walk with shackles on his ankles.

Plaintiff claims he asked for medical attention and was told to complete a Medical Request, but it was not provided to him. He was not seen by medical staff until a week later and then only received ibuprofen. When the OSP officer on duty noticed plaintiff's bruises and abrasions, the officer thought plaintiff had been transferred for fighting another inmate. Plaintiff told the officer that the defendants had laughed about how they "beat [his] ass."

Plaintiff also asserts the defendants retaliated against him. There is, however, no factual support for that claim.

The defendants allege plaintiff has failed to exhaust the administrative remedies for any of his claims. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v.*

*Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds, Jones v. Bock*, 549 U.S. 199 (2007).

According to the DOC Offender Grievance Process, OP-090124, an inmate first must attempt to resolve his complaint informally by communicating with staff within three days of the incident. If that is unsuccessful, he may submit a Request to Staff (RTS) within seven calendar days of the incident, alleging only one issue per form. If the offender does not receive a response to his RTS within 30 calendar days of submission, he may submit a grievance to the Review Authority (warden's office), asserting only the issue of the lack of response to the RTS. If the complaint is not resolved after the response to the RTS, the offender then may file a grievance. If the grievance also does not resolve the issue, the inmate may appeal to the Administrative Review Authority or the Chief Medical Officer. The administrative process is exhausted only after all of these steps have been taken.

Plaintiff admits in his complaint that he has not exhausted the administrative remedies for his claims. He asserts he submitted "several Requests to Staff and got no response." (Dkt. 1 at 5). He further alleges, "I was met with obstruction each time I tried to exhaust--I was told 'we are not going to answer anything--you will not exhaust your remedies.'" *Id.*

According to the affidavit by Terry Crenshaw, OSP Warden's Assistant, plaintiff filed no Requests to Staff or grievances regarding the April 28, 2011, incident while at OSP. (Dkt. 19-2). Furthermore, Kerry Minyard, Administrative Programs Officer of the DOC Administrative Review Authority, states by affidavit that there is no record of grievances or grievance appeals submitted by plaintiff concerning the incident. (Dkt. 18-11 at 2). The court, therefore, finds that plaintiff has failed to exhaust the administrative remedies for his claims.

**ACCORDINGLY**, the defendants' motion to dismiss (Dkt. 19) is GRANTED, and this action is, in all respects, DISMISSED WITHOUT PREJUDICE for failure to exhaust

administrative remedies, pursuant to 42 U.S.C. § 1997e(a).

**IT IS SO ORDERED** this 23rd day of September 2014.

*Ronald A. White*
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**